1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDRE RHODES,

11             Plaintiff,                    No. CIV S-08-2738 GEB KJM PS

12       vs.

13   BAKER & HOSTETLER,

14             Defendant.                    <u>ORDER</u>

15   _____/

16             Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority

17   pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this

18   court by Local Rule 72-302(c)(21).

19             Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is

20   unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in

21   forma pauperis will be granted.  28 U.S.C. § 1915(a).

22             Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty

24   percent of the preceding month's income credited to plaintiff's prison trust account.  These

25   payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court

26   /////

1  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

2  U.S.C. § 1915(b)(2).

3          The federal in forma pauperis statute authorizes federal courts to dismiss a case if

4  the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

5  granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

6  § 1915(e)(2).

7          A claim is legally frivolous when it lacks an arguable basis either in law or in

8  fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-

9  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

10  indisputably meritless legal theory or where the factual contentions are clearly baseless.

11  <u>Neitzke</u>, 490 U.S. at 327.

12          A complaint, or portion thereof, should only be dismissed for failure to state a

13  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

14  of facts in support of the claim or claims that would entitle him to relief.  <u>Hishon v. King &</u>

15  <u>Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer</u>

16  <u>v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

17  complaint under this standard, the court must accept as true the allegations of the complaint in

18  question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the

19  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

20  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

21          The court finds the allegations in plaintiff's complaint so vague and conclusory

22  that it is unable to determine whether the current action is frivolous or fails to state a claim for

23  relief.  The court has determined that the complaint does not contain a short and plain statement

24  as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

25  policy, a complaint must give fair notice and state the elements of the claim plainly and

26  succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

1   must allege with at least some degree of particularity overt acts which defendants engaged in that

2   support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of

3   Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to

4   file an amended complaint.

5          If plaintiff chooses to amend the complaint, plaintiff must set forth the

6   jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil

7   Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted

8   in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

9          It appears plaintiff may be trying to state a claim under 42 U.S.C. § 1983.  That

10  statute provides as follows:

11          Every person who, under color of [state law] . . . subjects, or
            causes to be subjected, any citizen of the United States . . . to the
12          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
13          law, suit in equity, or other proper proceeding for redress.

14  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

15  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

16  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

17  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

18  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

19  omits to perform an act which he is legally required to do that causes the deprivation of which

20  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

21          Plaintiff contends defendants violated his rights to due process in an underlying

22  civil action.  A review of the docket in the underlying action indicates plaintiff sued for alleged

23  discrimation and defendants herein were counsel to the defendant in the underlying action.  To

24  state a claim under section 1983, a plaintiff must allege that:  (1) defendant was acting under

25  color of state law at the time the complained of act was committed; and (2) defendant's conduct

26  deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the

United States. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988). As private counsel to a private entity in the underlying action, it does not appear that plaintiff can allege, consonant with the strictures of Federal Rule of Civil Procedure 11, that defendants herein were acting under color of state law in their conduct of the defense of the underlying action.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  December 8, 2008.

006/rhodes.ifp-lta

U.S. MAGISTRATE JUDGE

4